IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**

MAR 2 9 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

JO LONG, LYNNE ETHERIDGE,            )
SHELBY COVINGTON, MARGARET           )
BISHOP, DENISE PEPPENHORST,          )
MARTHA WALLACE, AND JUDY KEGLY,      )
                                     )
       **Plaintiffs,**          )
                                     )
v.                                   ) Civil Action No.  CV-00-B-1840-S
                                     )
FORT JAMES PENNINGTON, INC.;         )
PAPER, ALLIED-INDUSTRIAL,            )
CHEMICAL AND ENERGY                  )
WORKERS INTERNATIONAL UNION          )
AFL-CIO 950; PAPER, ALLIED-          )
INDUSTRIAL, CHEMICAL AND ENERGY      )
WORKERS INTERNATIONAL UNION          )
AFL-CIO,                             )
                                     )
       **Defendants.**          )

**ENTERED**

APR - 1 2002

## MEMORANDUM OPINION

     This cause is before the Court on Defendants' Motions for Judgment on the

Pleadings filed by Defendant Fort James Pennington, Inc. and Defendants Paper, Allied-

Industrial, Chemical and Energy Workers International Union AFL-CIO 950 and Paper,

Allied-Industrial, Chemical and Energy Workers International Union AFL-CIO.  The

matter was fully briefed by all parties and oral argument presented by counsel.  Upon

consideration of the submissions by the parties and the arguments of counsel, and for the

reasons set forth herein, the court is of the opinion that defendants' motions are due to be

granted.[1]

---

    [1] At the conclusion of oral argument, the court informed the parties of its
intention to grant defendants' motions to dismiss.  The court requested that counsel for
defendant Fort James Pennington, Inc. prepare a proposed memorandum opinion for the



## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows judgment on the merits based on the pleadings. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when 'no issues of material fact exist, and the movant is entitled to judgment as a matter of law.'" *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996) (citations omitted). When reviewing a motion on the pleadings, the court must "accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* The court may grant judgment on the pleadings if it appears beyond a doubt that the nonmovant can plead or prove no set of facts in support of its claim that would entitle it to relief. *See, e.g., Park Center, Inc. v. Champion Int'l Corp.*, 804 F. Supp. 294, 301 (S.D. Ala. 1992).

## II. STATEMENT OF FACTS

Plaintiffs were employed at the Fort James paper mill in Pennington, Alabama, which was known as the Naheola Mill. In 1993, the mill employed seventy-two hourly office and clerical employees. In 1993, those office and clerical non-union/non-management employees petitioned to become part of the United Paperworkers International Union Local 950 ("Union") at the Naheola Mill. The Union informed the office and clerical employees that they would form a separate "Office and Clerical Bargaining Unit." The National Labor Relations Board ("NLRB") determined that the

---

court and required that counsel send a copy of the proposed opinion to counsel for plaintiff. Although the court has made some minor changes to the opinion prepared by defendant's counsel, it has adopted a large part of the proposed opinion. The court is aware of the admonition of the Eleventh Circuit that district courts not delegate "the task of drafting important opinions to litigants." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 n. 46 (11th Cir. 1997). In this case, the court had reached a firm decision as to the appropriate outcome before requesting a proposed opinion from defendant's counsel, and counsel drafted the opinion according to the express instructions of the court as to its contents. Although largely taken from the opinion proposed by defendant's counsel, the court personally reviewed this opinion and the opinion reflects the court's own conclusions.

Office and Clerical bargaining unit was an appropriate bargaining unit within the meaning of the National Labor Relations Act ("NLRA").   In a secret ballot election, a majority of the Office and Clerical employees voted for Local 950 to represent them. Accordingly, the NLRB certified Local 950 as the exclusive representative of the employees in the Office and Clerical bargaining unit.

The Union then negotiated a separate collective bargaining agreement ("Agreement") for the Office and Clerical ("O & C") unit.   The O & C unit was much smaller than the Production and Maintenance ("P & M") bargaining unit.   The collective bargaining agreements of those units did not permit "bumping" from one unit into the other in the event of layoffs.   Each bargaining unit had its own seniority system.   No employees challenged or appealed the NLRB's determination or the appointment of Local 950 as the O & C unit's bargaining representative, and no grievances were filed regarding the adequacy or terms of the Agreement.

From 1993 to 1999, Fort James undertook a number of layoffs as part of a downsizing process to minimize costs and increase profitability.   In November and December 1999, Fort James laid off the plaintiffs.   At the time of the layoffs, plaintiffs were members of the O & C unit.   The collective bargaining agreement for the O & C unit provided a grievance procedure for O & C employees to address complaints about seniority. Although plaintiffs were aware of the way the Agreement provisions operated with respect to the layoffs, none of them grieved the application of the seniority system or any other provision of the Agreement at issue in this lawsuit until 1999.   Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2000.

After filing charges with the EEOC, plaintiffs filed this action, alleging claims for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), violations of the NLRA, and common law conspiracy.

### III. DISCUSSION

Plaintiffs contend that defendants discriminated against them in the negotiation of the collective bargaining agreement for the O & C unit in 1993. Because "the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts become most painful," plaintiffs should have brought any claim of discrimination when the act of alleged discrimination (establishment of a separate bargaining unit with a separate collective bargaining agreement) took place. *See Delaware State College v. Ricks,* 449 U.S. 250, 258 (1980) (citation and emphasis omitted). Plaintiffs filed their charges with the EEOC in 2000 and, thereby, failed to file within the 180 days as required by Title VII. 42 U.S.C. 2000e-5(e)1. As such, plaintiffs' Title VII claims are now time barred and due to be dismissed.

At oral argument, plaintiffs' counsel correctly conceded plaintiffs' claims under section 301 of the NLRA. To the extent any such claims remain before the court, those claims are untimely. Claims under the NLRA are governed by a six-month statute of limitations, and must be brought before the NLRB. 29 U.S.C. § 10(b). *See Local Lodge No. 1424, Int'l Ass'n of Machinists v. NLRB*, 362 U.S. 411 (1960). All of plaintiffs' claims under the NLRA were brought outside the six-month limitation period. Therefore, the claims must be dismissed.

Plaintiffs also allege that defendants conspired to create a discriminatory system in the collective bargaining agreement in 1993. Any conspiracy between defendants to set up a separate collective bargaining agreement and a separate seniority system for O & C

4

employees from those applicable to P & M employees occurred no later than 1993. In Alabama, conspiracy claims are subject to a two-year statute of limitation. Ala. Code § 6-2-38. Because plaintiffs' conspiracy claim is untimely under the Alabama statute of limitation, it is due to be dismissed.

## IV. CONCLUSION

Based on the foregoing, defendants' respective Motions for Judgment on the Pleadings are due to be granted. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 29th day of March, 2002.

Sharon Lovelace Blackburn

**SHARON LOVELACE BLACKBURN**
United States District Judge